UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

IN RE:                                              :
                                                    :
OPENAI, INC.,                                       :     25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,                  :
                                                    :
                                                    :     **ORDER**
                                                    :
This Document Relates To:                           :
**All Actions**                                     :
                                                    :

------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court held a discovery status conference for all actions in this matter on Thursday, December 4, 2025. As **ORDERED** at the December 4 Conference:

   I.   **NEWS CASES**

For the reasons discussed on the record:

1. OpenAI's motion to compel Ziff Davis to add four ESI custodians (ECF Nos. 790, 797) is **DENIED as moot** given the parties' representation that this issue has been resolved.

2. News Plaintiffs' motion to compel Microsoft's production of output log data (ECF 311) is **DENIED as premature.** The parties are directed to continue meeting and conferring and to provide an update in the December 10, 2025, joint status letter.

3. The Times's motion for a protective order (ECF 774) is **DENIED as moot** as to 30(b)(6) deposition Topics 2 and 5 given the parties' representation that these topics have been resolved, and **DENIED as premature** as to Topic 20. The parties are directed to continue meeting and conferring on Topic 20.

4. News Plaintiffs' motion to compel Microsoft to produce click-through rate data (ECF Nos. 765, 766) is **DENIED as premature.** The parties are directed to continue meeting and conferring and to provide an update on Microsoft's production in the December 10, 2025, joint status letter.

5. Defendants' motion to compel the Center for Investigative Reporting ("CIR") to produce Google Analytics Data (ECF Nos. 789, 791) is **GRANTED.** CIR is directed to produce the Google Analytics Data or explain why it cannot, by **December 12, 2025.**

6. Ziff Davis's motion seeking to require OpenAI to update its production through August 8, 2025, (ECF Nos. 776, 778) is **DENIED without prejudice** until after Judge Stein rules on OpenAI's pending motion to stay certain claims, models, and products in the Ziff Davis complaint (ECF 134)**.** The parties are directed to meet and confer on limited post-July 2024 categories for discovery.

7. OpenAI's motion to compel production of CIR's Slack messages (ECF 775, 779) is **DENIED as moot** given the parties' representation that this issue has been resolved. The parties are directed to include an update in the December 10, 2025, joint status letter.

8. The Daily News's motion to compel OpenAI to supplement its interrogatory responses (ECF 770) is **DENIED as moot** as to interrogatory numbers 9 and 13, and **DENIED** as to interrogatory number 11. The parties are directed to conduct the already planned 30(b)(6) deposition on the topic implicated by interrogatory number 11.

9. Ziff Davis's motion to compel OpenAI to respond to additional requests for admission ("RFAs") (ECF 788) is **DENIED.** OpenAI is directed to respond to the 395 RFAs that it has offered to respond to by **December 22, 2025.** The parties are directed to include an update on this dispute in the December 10, 2025, joint status letter, and to be mindful of the Court's warnings about Rule 37(a)(5).

10. The Times's motion seeking to compel Microsoft to produce a 30(b)(6) witness to testify regarding Microsoft's express license defense (ECF Nos. 648, 767) is **DENIED as moot**. Microsoft is directed to respond to The Times's contention interrogatory and identify a date for this 30(b)(6) deposition by **January 9, 2026.**

II. **CLASS ACTION CASES**

For the reasons discussed on the record:

1. Regarding the parties' supplemental briefing on OpenAI's discovery relating to Class Plaintiffs' download and output claims (ECF Nos. 869, 875):

    i. The parties are directed to meet and confer and file an update in the December 10, 2025, joint status letter for disputes regarding (a) personal Azure containers; (b) access settings; (c) additional copies of datasets (including initial raw file downloads); (d) production of the 659 LibGen documents that are not implicated by attorney-client privilege; and (e) technical and training documents related to book summarization;

    ii. OpenAI is directed to produce source code for the filtering of public domain books;

3

    iii. Class Plaintiffs' request is **DENIED** as to discovery relating to torrenting of non-book data; and

    iv. Class Plaintiffs' request is **GRANTED** as to production of the 20 Million ChatGPT Logs that I ordered be produced in the News Cases (*see* ECF Nos. 734, 896). OpenAI is directed to cross-produce the 20 Million ChatGPT Logs to Class Plaintiffs. OpenAI's production is hereby **STAYED** until **December 11, 2025**. This order does not stay OpenAI's obligation to produce the 20 Million ChatGPT Logs to the News Plaintiffs.

2. Class Plaintiffs' motion regarding the inspection of base and intermediate models (ECF 787) is **GRANTED in part** as to GPT-3.5 base and GPT-4 base. If OpenAI seeks reconsideration of this order, it is directed to provide specific evidence of the burden of reconstituting these models in the December 10, 2025, joint status letter.

3. Class Plaintiffs' motion regarding OpenAI's privilege re-review (ECF 768) is **DENIED as premature**. The parties are directed to provide an update in the December 10, 2025, joint status letter.

4. Microsoft's motion for a protective order (ECF 762) is **DENIED.** Class Plaintiffs are directed to provide Microsoft with 10 exemplary presentations and/or dates of presentations and the parties are directed to meet and confer ahead of the scheduled depositions.

5. Class Plaintiffs' motion regarding API credits (ECF 769) is **DENIED as moot** given the parties' representation that this issue has been resolved. (*See* ECF 818).

4

6. Class Plaintiffs' motion to compel inspection of the Bing Index and Bingdex (ECF Nos. 777, 782) is **DENIED as moot** given the parties' representation that this issue has been resolved.

7. Class Plaintiffs' motion to compel three additional OpenAI custodians (ECF Nos. 801, 802) is **DENIED as moot** as to Tom Rubin and **DENIED as premature** as to Daniela Amodei and Jack Clark. The parties are directed to meet and confer on the specific knowledge these witnesses might have and, if the parties cannot resolve this issue, any supplemental briefing must specifically address the relevance and proportionality of adding Ms. Amodei and Mr. Clark as additional custodians.

### III. ALL ACTIONS

For the reasons discussed on the record:

1. OpenAI's motion to stay (ECF 877) the deadlines set out in my November 24, 2025, order finding that OpenAI waived privilege over communications regarding the deletion of Books1 and Books2 (ECF 846) is **GRANTED in part, DENIED in part** as follows:

    i. The December 8, 2025, deadline to produce documents previously withheld on the basis of attorney-client privilege is hereby **STAYED** pending Judge Stein's ruling on OpenAI's forthcoming Rule 72(a) objection. OpenAI is directed to produce its revised privilege log regarding these specific documents by **December 5, 2025;**

5

    ii. The deadline for OpenAI to make its attorneys available for depositions is **EXTENDED** from December 19, 2025, to **January 30, 2026;** and

    iii. The parties are directed to meet and confer on whether a third OpenAI attorney should be deposed pursuant to my November 24 order, subject to the same dates outlined above.

2. Regarding Microsoft's motion for a protective order (ECF 856) and Plaintiffs' motion to compel discovery (ECF 866) on the scope of Microsoft's additional discovery in light of Judge Stein's recent Opinions & Orders (ECF Nos. 701, 707):

    i. The parties' respective motions are **DENIED in part as moot** as to the following "implementations:"[1] (a) recipe tips in recipe answer in Bing answers; (b) AI overview on Microsoft.com Search Results Page; (c) Bing Shopping – Generative Results Page; (d) summarize top news from SharePoint in Viva Connections; (e) Windows Copilot Native; and (f) Microsoft 365;

    ii. The parties' respective motions are **DENIED in part as premature,** and the parties are directed to meet and confer as to the following "implementations:" (a) GhostX/Ghost Writer; (b) CoPilot Pages; and (c) "any other implementations that Microsoft is aware of that are marketed towards or used to draft novels, stories, books, or news content;"

---

[1] Although the "implementations" discussed below were filed under seal in the Plaintiffs' motion to compel, (*see* ECF 866), the parties agreed to discuss these implementations in open court.

    iii.    Microsoft's motion is **DENIED** and Plaintiffs' motion is **GRANTED in part** with respect to refreshed Copilot as follows: (a) Plaintiffs may conduct up to 7 hours of 30(b)(6) depositions with the two Microsoft custodians identified at the conference on refreshed Copilot, and after those depositions have been conducted, the parties are directed to meet and confer on limited searches that can be run on those custodians' documents for additional discovery; (b) Microsoft is directed to produce the "go-get" documents; and (c) after production of the above, the parties are directed to meet and confer on appropriate reports that can be run based on metrics and methods of measurement reasonably accessible to Microsoft;

    iv.    The parties' motions are **DENIED as premature** as to Copilot Search until after Microsoft has completed the process described at III.2.iii *supra*;

    v.    Microsoft's motion is **GRANTED** and Plaintiffs' motion is **DENIED as premature** as to financial documents regarding Microsoft Office; and

    vi.    The parties are directed to continue meeting and conferring on the scope of additional discovery, and if Plaintiffs choose to re-raise their motion for discovery that implicates Microsoft Office products and the Bing Search Engine, the parties are to include in their December 10, 2025, joint status letter a proposed schedule for supplemental briefing.

3. Microsoft's motion for a protective order regarding the depositions of Satya Nadella and Kevin Scott (ECF 763) is **DENIED.** The parties are directed to meet and confer on reasonable time limits for Mr. Nadella's and Mr. Scott's depositions and, if they cannot agree, Plaintiffs are entitled to depositions of up to 7 hours for each witness.

4. The parties raised certain questions regarding my December 3, 2025, Opinion & Order directing OpenAI to re-do its collection and production of text and social media messages for Mr. Altman and Mr. Brockman. (ECF 900). As discussed, the parties are directed as follows:

    i. OpenAI is directed to identify for Plaintiffs how many follow-up interviews were conducted, for whom, and when they were conducted, by **December 10, 2025**;

    ii. OpenAI is directed to run the agreed-upon search terms against <u>all</u> text and/or social media messages contained in the forensic images of Mr. Altman's and Mr. Brockman's phones and relevant social media accounts that personal counsel collected; and

    iii. OpenAI is directed to work with Mr. Altman's and Mr. Brockman's personal counsel to produce a log of any text and/or social media messages that are withheld or redacted on the basis of personal privacy for any 24-hour thread that returns as a hit on the agreed-upon search terms by **December 29, 2025.** If a 24-hour thread is withheld purely on the basis of OpenAI's outside counsel's responsiveness review (i.e., personal counsel has not made any

8

privacy redactions), such messages need <u>not</u> be included on OpenAI's log.

5. The parties' briefing for the January 15, 2026, discovery status conference is **EXTENDED** as follows:

   i. Opening briefs are due by **January 5, 2026, at 5:00 p.m. Eastern Time**;

   ii. Opposing briefs are due by **January 8, 2026, at 5:00 p.m. Eastern Time**; and

   iii. The parties' joint dispute chart is due by **January 9, 2026, at 12:00 p.m. Eastern Time.**

The Clerk of Court is respectfully directed to close the following ECF Nos. in **Case No. 25-MD-3143**: 311, 648, 762, 763, 765, 766, 767, 768, 769, 770, 774, 775, 776, 777, 778, 779, 782, 787, 788, 789, 790, 791, 797, 801, 802, 856, 866, 869, 875, 877.

**SO ORDERED.**

Dated: December 5, 2025　　　　　　　　　　　　　　　　　_s/ Ona T. Wang_
　　　　New York, New York　　　　　　　　　　　　　　**Ona T. Wang**
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge