# EXHIBIT 1

January 30, 2026

> *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
> This Document Relates To: All Actions

Dear Magistrate Judge Wang:

News and Class Plaintiffs ("Plaintiffs") respectfully renew their January 5 motion for additional deposition hours with OpenAI witnesses. Dkt. 1073. Plaintiffs also request additional deposition hours with Microsoft witnesses.

Here is Plaintiffs' request:

1. **Additional OpenAI Hours**
   - 60 additional deposition hours for OpenAI witnesses, up to 15 of which can be used for 30(b)(6) depositions.
   - These 60 hours will be split equally between Class and News Plaintiffs (30 hours each).

2. **Additional Microsoft Hours**
   - 20 additional deposition hours for Microsoft witnesses, split equally between Class and News Plaintiffs (10 hours each), all of which can be used for 30(b)(6) depositions at Plaintiffs' election.
   - 10 hours of *existing* 30(b)(1) time reallocated to 30(b)(6) time (5 hours from each of Class and News Plaintiffs' overall allocations).
   - In sum, Plaintiffs obtain 20 additional hours for their overall time cap and up to 30 additional 30(b)(6) hours.

Plaintiffs met and conferred with both OpenAI and Microsoft, including by videocall on January 30, but could not reach agreement. Microsoft made a counter-proposal that is insufficient for the reasons Plaintiffs explain below.

**I.   Background**

Plaintiffs earlier this month moved for additional deposition hours for OpenAI witnesses. Dkt. 1073. Plaintiffs requested 30 additional 30(b)(6) hours and 20 additional 30(b)(1) hours, for a total of 50 additional hours. One basis for that request was OpenAI's belated disclosure of five new witnesses under Rule 26.

This Court granted that motion in part, acknowledging "the pressure as to the 30(b)(6) hours," Jan. 15, 2026 Tr. at 150:21, and relieving that pressure by "reallocat[ing] 30 hours of Plaintiffs' [30(b)(1)] deposition time to conduct additional 30(b)(6) depositions," Dkt. 1170 at 4-5. This Court denied the request for additional deposition hours "without prejudice," *Id.*, directing Plaintiffs to provide "an update at the next conference on how the time has been allocated and used and whether . . . there is a need for more or less than 20 hours for 30(b)(1) time," Jan. 15, 2026 Tr.

1

at 150:22-151:1. Consistent with that instruction, Appendix A contains a chart reflecting Plaintiffs' deposition hours.

***The day after the January hearing***, Microsoft served amended Rule 26 disclosures identifying *four new witnesses* as potential trial witnesses. Ex. 1 at 5-6. Microsoft also this week shifted a set of 30(b)(6) topics to yet another new witness whom Plaintiffs had not been planning or scheduled to depose.

## II.  Argument

This is an important case. As OpenAI's counsel put it, "this series of copyright lawsuits will establish the boundaries of copyright fair use as applied to generative AI."[1] Those boundaries should be decided on a complete factual record. Granting this motion will enable the creation of that complete record and cure prejudice Defendants created through their belated witness disclosures, without imposing any undue burden on Defendants.

### 1.  Request for Additional OpenAI Deposition Hours

Plaintiffs seek 60 additional deposition hours for OpenAI witnesses, to be split evenly between News and Class. Absent this relief, Plaintiffs will need to jam nine remaining 30(b)(6) depositions into just 25 hours, or 2.77 hours per witness. Plaintiffs will also need to jam their remaining 26 witnesses into 87.5 hours, or just about 1.75 hours per witness for each of Class and News.

Plaintiffs' request is primarily based on the same arguments raised in their January 5 brief: (i) OpenAI designated an extraordinary number of witnesses (17) for its 30(b)(6) depositions, and in some cases OpenAI broke apart individual 30(b)(6) topics across multiple witnesses; (ii) OpenAI belatedly disclosed five new potential trial witnesses under Rule 26 in October 2025, long after the parties negotiated the hours caps; and (iii) OpenAI witnesses have routinely disclaimed knowledge of documents drafted by other employees, thus requiring Plaintiffs to depose multiple employees with knowledge of the same general topic. Dkt. 1073.[2]

Yet another basis for Plaintiffs' request includes OpenAI's habit of dumping hundreds of documents on Plaintiffs on the day or two before a deposition. The parties agreed that all documents relevant to a deposition should be produced 14 days prior to the deposition. Dkt. 355 at 5. Yet OpenAI has violated that agreement for almost every deposition, forcing Plaintiffs to spend more time than anticipated with each witness since Plaintiffs at the last minute receive additional documents to mark and explore.

Plaintiffs' request poses minimal burden to OpenAI. Plaintiffs will not be using these hours to request any additional OpenAI deponents. The only consequence will be that the remaining 26 OpenAI witnesses will each sit for a slightly longer deposition. That outcome is more than proportional for an MDL that consists of 11 centralized actions and over 20 plaintiffs.

---

[1] https://www.keker.com/Lawyers/VanNest-Robert.

[2] OpenAI recently indicated it will drop one of its belatedly disclosed witnesses, and Plaintiffs are considering whether that deposition remains necessary.

2

2.  **Request for Additional Microsoft Deposition Hours**

Plaintiffs are seeking comparatively fewer hours for Microsoft witnesses—only 20 additional hours (10 for News and 10 for Class). Consistent with the Court's approach at the last hearing for reallocating hours, Plaintiffs also request that 10 of their existing 30(b)(1) hours be converted to 30(b)(6) hours. The upshot is that Plaintiffs seek 30 additional 30(b)(6) hours, but only seek to expand their combined overall caps by 20 hours.

Plaintiffs need additional 30(b)(6) hours because they have exhausted their allotment. The deposition protocol initially provided for 25 Rule 30(b)(6) hours for Microsoft employees, to be shared by Class and News Plaintiffs. Dkt. 355. The parties in December negotiated a reallocation of 15 30(b)(1) hours into 30(b)(6) hours, thereby giving Plaintiffs 40 total hours of 30(b)(6) time with Microsoft. That time has now been exhausted. But Microsoft has designated seven additional witnesses to cover the remaining Rule 30(b)(6) topics.

Plaintiffs should not be faulted for needing more Rule 30(b)(6) time. Similar to OpenAI, Microsoft designated 16 different witnesses for its 30(b)(6) topics and split many individual topics across multiple witnesses. Additionally, Microsoft has repeatedly shifted Rule 30(b)(6) topics from one witness to another, requiring Plaintiffs to continuously re-budget their time on the fly. As a result, the 30(b)(6) depositions have taken longer than anticipated. Furthermore, dozens of plaintiffs across these eleven centralized actions are sharing this 30(b)(6) time. Coordination has been smooth, but this process invariably results in efficiencies.

In a meet-and-confer about this motion, Microsoft criticized Plaintiffs for making this request after Plaintiffs stated at the January 15 hearing that they were not seeking additional time for Microsoft depositions. That argument rings hollow because on January 16—the day after the hearing—Microsoft disclosed four brand new potential trial witnesses. Ex. 1 at 5. Worse, these witnesses work in parts of the company not explored in prior depositions, including "the education space," the "health care and medical space," the "research and science space," and the "general business space." Ex. 1 at 5.

Absent relief, Plaintiffs will be unable to obtain 30(b)(6) testimony from the remaining seven witnesses Microsoft has designated to testify on its behalf concerning 82 different topics. Meanwhile, if Plaintiffs' motion is granted, the only "burden" to Microsoft will be that each of their remaining 23 witnesses will sit for 52 additional minutes on average. As with OpenAI, Plaintiffs are not going to use this additional time to request more depositions. Plaintiffs' goal is simply to have sufficient time with the witnesses they have already planned to depose.

Finally, while the number of depositions in this case is certainly large on first blush, that number is largely driven by Defendants' approach to litigating these cases. Between their Rule 26 disclosures, interrogatory responses, and Rule 30(b)(6) designations, Defendants have collectively identified 57 current and former employees that have relevant information or who may testify at trial. And Plaintiffs have identified additional witnesses based on discovery taken to date, including documents that Defendants have produced. Discovery in these cases has been intense and hard-fought, and just one month remains. Plaintiffs should not be shortchanged in a case that,

according to OpenAI, "will establish the boundaries of copyright fair use as applied to generative AI."

      The Court should reject Microsoft's counter-proposal. *See* Ex. 2 (emails between counsel). Microsoft refuses to provide any additional deposition hours and instead proposes that Plaintiffs reallocate just ten of their remaining 30(b)(1) hours to 30(b)(6) hours. That proposal, if adopted, would require Plaintiffs to squeeze their remaining seven 30(b)(6) depositions into just ten hours, or approximately 1 hour and 25 minutes per witness—which is nowhere near sufficient. Microsoft also offered two "free" hours to depose a new 30(b)(6) witness after it de-designated one witness mid-deposition on multiple topics and then designated this new witness on those topics. This offer fails to address the need for additional hours with other newly identified witnesses, and Plaintiffs also believe the offer is insufficient given the topics this new witness will now address, which include topics addressing the models' propensity to regurgitate and memorize text, Defendants' Joint Safety Review Board, and Microsoft's evaluations of and changes made to Defendants' models. The Court should reject Microsoft's proposal and grant Plaintiffs' motion.

Respectfully,

*/s/ Davida Brook*
Davida Brook
Susman Godfrey LLP
Counsel for The New York Times Company
News Plaintiffs' Liaison Counsel


*/s Justin Nelson*
Justin Nelson
Susman Godfrey LLP
Interim Lead Class Counsel


cc:    All Counsel of Record (via ECF)