**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------x

IN RE:                                                                     :
                                                                                :
OPENAI, INC.,                                                         :              25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,             :
                                                                                :
                                                                                :              <u>**ORDER**</u>
This Document Relates To:                                      :
**All Actions**                                                          :
                                                                                :
-----------------------------------------------------------x

     **ONA T. WANG**, **United States Magistrate Judge**:

     The Court is in receipt of the News Plaintiffs' and OpenAI's letters responding to my

July 9, 2025, order, (*see* ECF Nos. 310, 314) as well as the parties' post-meet and confer letters

with their final proposals regarding OpenAI's use of the AEO designation. (ECF Nos. 321, 322).

The parties' remaining disputes are discussed below.

     **I.**    **Seventh Category of "Excluded Documents"**

     The Court adopts OpenAI's proposal to exclude documents that reveal "strategies for

development of customer or partnership relationships" based on OpenAI's representation to

the Court that such language "would not apply to documents 'addressing how users interact

with ChatGPT.'" The parties are directed to include this representation by OpenAI in the

proposed Amended Protective Order.

     **II.**    **Proposed Exclusion Procedure**

     News Plaintiffs propose that OpenAI provide a list of documents captured by the

Excluded Documents categories, and that News Plaintiffs will agree not to challenge OpenAI's

determination as to which documents fall within a particular category.[1] (ECF 321). OpenAI proposes, however, shifting to News Plaintiffs the work of (re)reviewing OpenAI's approximately 13,500 AEO-designated documents,[2] and then requiring them to select no more than 500 AEO-designated documents (or approximately 3.7%) that they may propose to show to their identified executives, which OpenAI may then dispute under the process outlined under the Protective Order. (ECF 322).

It is not clear, nor does OpenAI provide any reason, why the parties should not work together to identify and segregate the documents that fall into any of the seven Excluded Documents categories and why engaging in this identification process would not be proportional to the needs of the case. For example, it seems improbable that OpenAI would have reviewed, designated and produced approximately 13,500 AEO documents without also categorizing (or developing tools to find and categorize) them. Similarly, News Plaintiffs likely have tools to conduct searches that could categorize and then segregate Excluded Documents, although OpenAI is more likely to have a better understanding of its own documents.

The parties are directed to continue meeting and conferring regarding this dispute.

### III.    Conclusion

In the interest of moving this case through discovery, the parties are directed to file a single joint proposed interim Protective Order, applicable to all cases, incorporating the Court's

---

[1] News Plaintiffs do not waive their right to challenge any underlying AEO designation as to a specific document under the terms of the Protective order.

[2] News Plaintiffs highlight in their letter at ECF 310 that while OpenAI has agreed to review up to 667,000 documents, OpenAI has produced only 26,971 documents. (ECF 310). If the parties' representation that OpenAI's current AEO designation rate is 50% is still applicable, then approximately 13,500 of the produced documents are designated as AEO. (ECF Nos. 280, 286).

rulings thus far by **July 18, 2025.** The parties are further directed to file a joint status letter on the procedure dispute by **July 23, 2025,** updating the Court on the status of this dispute. If the parties resolve the dispute before July 23, they are directed to file a revised Protective Order for the Court's review.

The parties are further directed to file a joint status letter by **July 18, 2025**, indicating whether the proposed stipulated deposition protocol entered at ECF 306 has been agreed to by all parties and whether there are any remaining disputes concerning the deposition protocol.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: July 16, 2025                                  **Ona T. Wang**
     New York, New York                        United States Magistrate Judge

3