```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN RE:                                         :
                                               :
OPENAI, INC.,                                  :      25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,             :
                                               :
                                               :      ORDER
This Document Relates To:                      :
All Actions                                    :
                                               :
---------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of the parties' responses to ECF 203, filed at ECF Nos. 225/229 and 230, regarding the parties' omnibus protective order proposals, as well as ECF 223 regarding the parties' deposition protocol. The parties resolved the "source code printout" issue, and filed supplemental letter briefs regarding two remaining issues: (1) the cross-use of Plaintiffs' documents by OpenAI[1] and (2) OpenAI's "overuse" of the AEO designation and related disclosure.

### I.   "Cross-Use" of Plaintiffs' Documents

OpenAI asserts, in conclusory fashion, that absent broad, unfettered cross-use of Plaintiffs' documents, "[f]or the reasons discussed in OpenAI's supplemental letter regarding the Deposition Protocol," OpenAI "will have to litigate the cases individually, for example, filing separate motions on common issues" that the MDL Court could otherwise address at once. (ECF 230 at 1). OpenAI does not reference this "supplemental letter" by docket number, (which the Court notes is filed at ECF 223), nor has OpenAI provided any hint as to any "reasons" that

---

[1] While the issue apparently pertains to use of Plaintiffs' documents by "Defendants," the Court notes that only OpenAI filed a responsive letter, and the Court thus presumes that the issue does not pertain to Microsoft.

might require litigation of the member cases "individually," nor has OpenAI pointed to a single motion (of the hundred-plus filed to date) that could not have been (or has not been) addressed on a single-issue basis across cases. Notwithstanding OpenAI's failure to articulate ripe issues, the Court has reviewed ECF 223—which discusses OpenAI's arguments about deposition protocol disputes—but finds only the same speculative and conclusory arguments for the cross-use of Plaintiffs' depositions. (ECF 223). For example, in ECF 223, OpenAI makes clear that they do not intend to use one Plaintiff's deposition in another Plaintiff's deposition in another case, and then later explain that they would use Plaintiffs' depositions consistent with the Federal Rules of Civil Procedure and Federal Rules of Evidence. (ECF 223 at 3-4). But OpenAI does not explain how they <u>do</u> intend to cross-use of Plaintiffs' depositions (as opposed to the use of <u>OpenAI witness</u> depositions across the cases), or how that cross-use would comply with the Federal Rules, nor does OpenAI explain why or how it proposes to cross-use Plaintiffs' depositions in a class certification motion, or under Fed. R. Civ. P. 32.

      At best, OpenAI suggests that it might cross-use Plaintiffs' depositions about the potential market(s) for Plaintiffs' works in connection with a later motion discussing the fourth fair use factor, "especially where divergent views" about the market for news work exist. (ECF 223 at 3). But OpenAI has failed, again, to articulate how Plaintiffs' deposition testimony is relevant to a determination of the fourth fair use factor (and even whether divergent views exist and whether they matter). *See New York Times Co. v. Microsoft Corp. et al.*, 757 F. Supp. 3d 594, 597 (S.D.N.Y. 2024) ("Each of the[] [fair use] factors requires scrutiny of a <u>defendant's</u> purported use of the copyrighted work(s), and whether that <u>defendant's</u> use may constitute 'fair use' under the Act. The factors do <u>not</u> require a court to examine statements or comments a copyright holder may have made about a defendant's general industry…"). Similarly, OpenAI

2

suggests that several News Plaintiffs "are also book publishers and likely absent class members, and Defendants should be able to rely on their testimony in opposing class certification." (ECF 223 at 3). But this assertion is speculative, at best, unless OpenAI or the Class Plaintiffs have uncovered evidence that the pirated databases contain books authored by one or more of the News Plaintiffs, and whether that matters for class certification in any event.[2]

OpenAI's letter at ECF 230 does no better. This is a case in which numerous Plaintiffs assert that OpenAI used their copyrighted material to train their LLMs, and OpenAI has not articulated why one Plaintiff's documents are relevant to OpenAI's defenses in another case brought by a different Plaintiff. OpenAI has not articulated what it needs, or why, or why allowing such cross-use is necessary or proportional under Rule 26. Nor does OpenAI seek a more narrowly tailored form of cross-use of certain categories of documents; rather, they dismiss Plaintiffs' competitive concerns by saying that the Plaintiffs could (over)use the AEO and OCO designations to shield market competitive documents from their competitors, and broadly assert, again without explanation, that no plaintiff would be "forced to share" confidential licensing strategy with its competitors. (ECF 230 at 1).

Plaintiffs have addressed the Court's concerns from the June 16 Order. (ECF 203 at 2). They have articulated specific competition concerns with the specific categories of documents that have been produced, and the nature of the competition among the News Plaintiffs, "whom compete for the same audience, market share, advertisers, and distribution deals."

---

[2] The rest of OpenAI's arguments in ECF 223 are just a string of probabilistically related assertions that: the JPML "repeatedly emphasized that centralization would eliminate overlapping discovery and duplicative motion practice … [and] redirect the parties on to a more efficient path and eliminate the potential for duplicative discovery and pretrial motion practice;" Plaintiffs' "refusal to permit Defendants to use Plaintiff's testimony across the MDL will eviscerate any streamlining of that motion practice and expert work" and "defeat the fundamental objective of centralization;" and that "Plaintiffs' proposal would effectively *un*-consolidate the News cases that this Court previously consolidated for discovery and pretrial prior to the MDL." (*See* ECF 223).

3

(ECF 229 at 1). None of this information relates to the Plaintiffs' claims of copyright infringement or OpenAI's defense of fair use. Moreover, as Plaintiffs make clear, the works at issue in the News Cases and the Class Cases are non-overlapping. Requiring or allowing broad cross-use of Plaintiffs' documents is not proportional to the needs of the case, because there has not been a showing that all such documents are relevant to cases where the plaintiff-custodian is not a party, and the Court declines to adopt such a broad directive. This does not prevent, however, targeted cross-use of relevant documents consistent with the Federal Rules of Civil Procedure and Federal Rules of Evidence.[3]

## II.  OpenAI's Attorneys' Eyes Only ("AEO") Designations

This dispute arises from Plaintiffs' arguments that OpenAI has overused the AEO designation to shield documents from disclosure by designating 65% of its documents as AEO.[4] The examples provided by Plaintiffs in ECF 229 of documents that OpenAI asserts are AEO are questionable at best, and all appear to be examples of documents that Plaintiffs would seek to use at depositions.

OpenAI focuses on Plaintiffs' compromise proposal—which was accepted by Microsoft—to permit disclosure to "a small number of high-level executives . . . so long as the documents did not involve actual or potential licensing/data access agreements or negotiations." (ECF 229 at 2). OpenAI's argument appears to be that since the News Plaintiffs

---

[3] As discussed above, OpenAI has not articulated whether a narrow category of documents, or specific documents, could or should be cross-produced or cross-used. If OpenAI finds such a document in the future, they are directed to meet and confer with the document custodian in good faith to resolve the issue of cross-production/production of a specific document before raising the dispute with the Court.

[4] The Court previously addressed Plaintiffs' concern that Microsoft was over-designating documents as AEO. (*See, e.g.*, 23-CV-11195, ECF Nos. 221, 386) (discussing Microsoft's designation of 98% of its production as AEO); (23-CV-8292, ECF Nos. 203) ("The Court: But the attorneys' eyes only designation is not expected to be so frequently used, and I don't understand how one can have a good faith basis to mark almost the entirety of the production attorneys' eyes only at this stage.").

"are actively developing their own internal AI technologies," or that some plaintiffs are customers or customers of OpenAI's competitors, that exposure of these executives to "technical information", "confidential financial data and sensitive pricing strategies" would give Plaintiffs competitive advantages in developing their own GenAI tools, and in negotiating licensing deals with OpenAI and its competitors. (ECF 230 at 2). Plaintiffs have already agreed not to share "licensing/data access negotiations and agreements," and the issue of Plaintiffs' development of AI tools has been addressed previously. *See New York Times Co.*, 757 F. Supp. 3d at 597.

The Court is concerned that OpenAI may have overused the AEO designation. Parties are directed to meet and confer whether there are categories of currently-designated AEO documents that may be shared with Plaintiffs' identified executives; whether there are categories of currently-designated AEO documents that will <u>not</u> be shared with the executives (for example, "licensing/data access negotiations and agreements"), and whether OpenAI should conduct a full or limited re-review of its AEO-designated documents. If this issue results in yet more motion practice, or a sampled *in camera* review, the Court <u>will</u> shift costs under Fed. R. Civ. P. 37(a)(5).

### III.  CONCLUSION

OpenAI's request for broad cross-use of Plaintiffs' documents and depositions is **DENIED**. The parties are directed to meet and confer on OpenAI's AEO designations and inform the Court how they have elected to proceed by **June 30, 2025.**

The parties are directed to begin finalizing and to submit a finalized deposition protocol and omnibus protective order for the Court's review by **July 7, 2025.**

**SO ORDERED.**

Dated: June 24, 2025
New York, New York

_s/ Ona T. Wang_
**Ona T. Wang**
United States Magistrate Judge